[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs bring this action against the City of New Haven and various officials of the City alleging that the defendants have failed to comply with the requirements of the uniform Relocation Assistance Act, Conn. Gen. Stat. 8-266 et seq. ("URAA"). The plaintiffs are indigent mothers who receive Aid to Families with Dependent Children (AFDC). Both plaintiffs were ordered by the City Office of Building Inspection and Enforcement to vacate the apartments in which they reside because the buildings were found to be unfit for human habitation. The City condemned the buildings and gave the plaintiffs thirty (30) days to vacate.
The plaintiff Sharon Scott could not find another apartment because of her limited income. She therefore continued to reside in the condemned property and brought this action seeking, inter alia, a temporary injunction ordering the defendants to locate a suitable dwelling and to provide her with other benefits as required by the URAA. After suit was brought, the parties entered into a stipulated temporary injunction pursuant to which the City located apartments for both named plaintiffs in buildings owned and operated by the Housing Authority of the City of New Haven. The plaintiffs moved to those apartments and the City has agreed to pay their moving allowances under URAA.
The parties are before the court on the plaintiffs' motion for class certification seeking to maintain this action as a class action. The defendants object to class certification, principally on the basis that the plaintiffs' claims are moot. The court will address the City's contention first. CT Page 4829
The City argues that because the named plaintiffs have been relocated by the City to different apartments and the City has agreed to pay the plaintiffs their moving allowance under the URAA, the plaintiffs' claims are moot and class certification would be inappropriate. (The City has not moved to dismiss this action based on mootness.) Although several cases cited by the City have analyzed the propriety of class certification in light of the mootness of the named plaintiffs' claims, Zeidman v. J. Ray McDermott Co., Inc. 651 F.2d 1030 (5th Cir. 1981), Bradley v. Housing Authority of Kansas City, Mo., 512 F.2d 626 (8th Cir. 1975), this court finds that the claims of the named plaintiffs here are not moot. Although the City has satisfied some of the plaintiffs' demands, some remain to be satisfied. The plaintiffs continue to contend that the City has not adopted and implemented relocation assistance advisory program as required under Conn. Gen. Stat. 8-271. The plaintiffs seek a permanent injunction requiring the defendants to adopt and implement such a program. The plaintiff Sharon Scott testified that she still wants the City to have such a plan and that she still has a personal stake in this action. The claims of the named plaintiffs are not moot.
The maintenance of an action as a class action is governed in this state by Practice Book Sections 87 and 88. The plaintiffs bear the burden of establishing that all requirements of these Practice Book Sections are met and federal case law may be used to construe our state court class certification requirements. Campbel v. New Milford Board of Education, 36 Conn. Sup. 357,359-360 (1980).
Plaintiffs must first show that the class is so numerous that joinder of all members is impracticable. Practice Book Section 87(1). Since January 1, 1988, approximately 59 families have been relocated by the City after the buildings in which they resided were condemned as unfit for human habitation. Although the number of such relocations has been decreasing since 1989, condemnations are continuing and depending on the number of dwelling units in a condemned building, a single condemnation could affect a large number of families.
Satisfaction of the numerosity requirement does not turn on numbers alone. "In addition to estimating the number of class members, the court considers judicial economy and the ability of class members to institute individual suits." Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. 11. 1988). The court finds that members of the putative class have little ability to institute individual suits. Class members are by definition living in housing declared unfit for human habitation and the court infers that like Ms. Scott, they are unable to move to more decent dwelling units largely because of their poverty and also CT Page 4830 because of ignorance of their rights. Ms. Scott knew nothing of her rights under the URAA until she went to New Haven Legal Assistance. With respect to judicial economy the court sees no reason to burden the Housing Session docket with 59 individual law suits or with a single suit with 59 named plaintiffs. The numerosity requirement of Practice Book Section 87(1) is satisfied.
The plaintiffs next must show that there are questions of law or fact common to the class. Practice Book Section 87(2). The requirement of commonality does not require a complete identity of legal and factual issues among all class members, only that some common questions exist. Campbell v. New Milford Board of Education, supra at 362. "Where a representative party challenges a particular policy or regulation of an administrative body on constitutional or statutory grounds the courts have generally held that the requirement of commonality is satisfied." Id. at 363. The named plaintiffs here challenge the City's alleged failure to comply with the URAA, which was held applicable to persons such as the plaintiffs in Dukes v. Durante, 192 Conn. 207 (1984). The requirement of commonality is satisfied.
The third requirement of Practice Book Section 87 is that plaintiffs show that their claims are typical of the claims of the class. This requirement is generally satisfied when the plaintiff's claim arises out of the the same event, practice or course of conduct and is based on the same legal theory. Campbell v. New Milford Board of Education, supra at 365. The presence of minor factual variations is immaterial. Id. This requirement too is satisfied.
The final showing required under Practice Book Section 87 is that the named plaintiffs will fairly and adequately protect the interests of the class. In deciding this issue, "the court should consider whether counsel is competent and diligent, whether the action is a collusive suit and whether there are any antagonistic or conflicting claims between the representative plaintiffs and members of the proposed class." Id. at 366. The competence and diligence of plaintiff's counsel, who is from New Haven Legal Assistance, is unquestioned. New Haven Legal Assistance represented the plaintiffs in the Dukes case, cited above, which established the City's obligation under the URAA to plaintiffs similarly situated. This action is clearly not collusive and there are no antagonistic or conflicting claims between the plaintiffs and members of the proposed class. The requirement of Practice Book Section 87(4) is met.
Practice Book Section 88 sets forth two additional findings which the court must make before certifying the class. First, the court must find that the questions of law or fact common to CT Page 4831 members of the class predominate over any questions affecting only individual members. This requirement is clearly satisfied. The plaintiffs' common claim is that the City has failed to comply with URAA requirements to provide relocation benefits and to provide a relocation assistance advisory program. This question predominates over any issues affecting only individual class members such as the amount of moving allowance to which any individual member may be entitled.
The court also finds that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. This is the second requirement of Practice Book Section 88. A class action is fair and efficient for purposes of judicial administration, for the benefit of the class members who need not bring individual actions, and for the City, which will be relieved of defending a multiplicity of suits. It is pertinent to note on this point that Dukes v. Durante, supra, and Diaz v. City of Waterbury, No. CVWA-8401-0087, an action similar to this one, both were maintained as class actions.
Accordingly it is hereby ORDERED that this action shall proceed as a class action, with the class defined as all persons who reside or have resided or will reside in dwelling units condemned by the Office of Building Inspection and Enforcement of the City of New Haven and who have been ordered to vacate such premises. Appropriate notice shall be given to all class members in a manner which the Court will direct after receiving proposed orders from counsel for the plaintiffs and defendants.
CHRISTINE S. VERTEFEUILLE, JUDGE CT Page 4832
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4833
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4834
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4835