[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: AMENDED MOTION FOR CLASS CERTIFICATION.
On August 16, 1993, plaintiffs Robert Longley and Peter Radasch commenced this action for monetary damages against the defendants, Indian Mountain School ("IMS"), Christopher Simonds and Peter Carleton. The plaintiffs are former students at IMS. They allege that defendant Simonds was employed as a teacher at IMS between 1973 and CT Page 6965 1985 and during that period, he sexually abused, assaulted, and exploited numerous IMS students. By motion dated October 4, 1993, Robert Crawford was added as a party plaintiff.
Plaintiffs Longley and Crawford have now filed the present motion for class certification, seeking certification of the class of all former IMS students who were sexually abused, assaulted, or exploited by defendant Simonds. The plaintiffs request further that the court certify a subclass of those IMS students who were sexually abused, assaulted, or exploited by defendant Simonds between 1977 and 1985 while defendant Carleton was headmaster of the school. On July 13, 1994, this court (Pickett, J.) heard oral argument on the motion and all parties with an interest in the motion have filed memoranda of law in support of their respective claims.
Certification of class actions is governed by sections § 87-90 of the Connecticut Practice Book. Section § 87 provides:
 One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all parties is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.
Practice Book § 87.
If these requirements are met then the court must consider Practice Book § 88 which imposes two additional requirements. That section provides:
 An action may be maintained as a class action if the prerequisites of § 87 are satisfied and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only CT Page 6966 individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
Practice Book § 88.
The plaintiff bears the heavy burden of establishing that all of the requirements of the rule are satisfied. (Citations omitted.) Arduini v. Automobile Insurance Co.,23 Conn. App. 585, 589, 583 A.2d 152 (1990). When considering a motion to certify a class, the court will identify the substantive legal issues which control the litigation, but an inquiry into the merits is inappropriate. Eisen v. Carlisle Jacquelin, 417 U.S. 156,94 S. Ct, 2140, 2153, 40 L.Ed.2d 732 (1974). Connecticut's requirements for certification of class actions are substantially similar to the requirements under rule 23[1] of the Federal Rules of Civil Procedure, therefore, Connecticut courts look favorably to federal precedent for aid in construction. Campbell v. NewMilford Board of Education, 36 Conn. Sup. 357, 359
(1980).
I
The first requirement of class certification is that the proposed class be "so numerous that joinder of all members is impracticable." Practice Book § 87. There is no bright line test or "magic number" for satisfying numerosity. see Arduini v. Automobile Insurance Co., supra, 590. As long as the class proponents are able to present a reasonable estimate of the number of class members, and as long as joinder of them all is shown to be impracticable, the numerosity requirement will be satisfied. Campbell v. New Milford Board of Education, supra, 361.
The plaintiffs claim that there are forty two (42) known victims of Simonds' sexual abuse and exploitation.
The plaintiffs assert that nine (9) persons have reported to the state police that they were abused by defendant Simonds and that thirty three (33) other victims have been identified by the state police in the course of CT Page 6967 their investigation. In support of this contention, the plaintiffs have attached their own affidavits and submitted the police report of Trooper Mark Laurentano.
Plaintiff Longley avers that to his personal knowledge approximately twenty (20) students were engaged in sexual acts with defendant Simonds and plaintiff Radasch states that he is aware of approximately eight to ten students.
By a previous order of the court, (March 17, 1994, Dranginis, J.), all names of the alleged victims in the police report have been redacted. This court has read the police report in its entirety and is unable to reasonably estimate the number of members of the plaintiffs' proposed class. There are numerous reports from alleged victims which make reference to other students who may have been abused by defendant Simonds. However, because of the redacted names and the probability of repeat identifications, the court is unable to reasonably estimate the number of alleged members of the class.
Despite the court's failure to reasonably estimate a class size, the plaintiffs may be able to prove a reasonable estimate of the size of the class through their own testimony, the testimony of Trooper Laurentano,[2] and a non-redacted police report. Accordingly, this court will not deny the plaintiffs' motion for class certification on a numerosity basis alone.
II
The second requirement for class certification under Practice Book § 87 is the existence of "questions of law or fact common to the class." This requirement of commonality does not require that all issues of law or fact be identical for every class member.
 The requirement of commonality does not require a complete identity of legal and factual issues among all class members. It only requires that some factual questions exist, not that they predominate. Thus, the mere fact that there may be factual differences is not fatal to class CT Page 6968 certification; so that where the question of basic liability can be readily established by common issues the case is appropriate for a class action. The fact that there may have to be an individual examination on the issue of damages has never been held to bar certification of a class. "In short, commonality is satisfied where the questions of law linking the class members is substantially related to the resolution of the litigation even thought the individuals are not identically situated."
(Emphasis in original.) Campbell v. New Milford Board ofEducation, supra, 362.
The court finds that there are common issues of fact and law linking the plaintiffs' proposed class members. However, once these common issues are found, they must predominate so that resolution of individual issues becomes unimportant. Practice Book § 88; see also Parkerv. Richardson Merrell Co. 9 Conn. Law Trib. No. 35, p. 18-19 (Super.Ct., March 29, 1983, Levister, J.). "Predominance" does not require a complete unanimity of common questions as to all class members. (Citations omitted.) Campbell v. New Milford Board of Education, supra, 369. If, however, liability to each class member has to proceed on an individualized basis, such an inquiry destroys the usefulness of the class device.Parker v. Richardson Merrell Co., supra.
The plaintiffs argue that the liability of defendants Carleton and IMS will depend on an analysis of a common nucleus of facts and common questions of law. The plaintiffs assert further that substantial judicial time would be wasted in hearing identical evidence in each individual action.
However, the court finds that the liability of defendants IMS and headmaster Carleton will not be decided on a common nucleus of facts and law. Rather, the defendants' liability will be directly linked to the resolution of numerous questions which are specific to each plaintiff. It would be impossible for the court to determine the liability of the defendants without an CT Page 6969 intensive inquiry into the factual circumstances surrounding each alleged victim's claim.
For example: (1) did the alleged abuse occur on school grounds, or at an off-campus location? (2) did the alleged abuse occur during school hours, after school hours, on the weekend? (3) were the alleged victims boarding students or day-students? (4) did defendants IMS and Carleton have any notice in regard to the abuse of each alleged victim? (5) were the alleged victims coerced into sex acts with defendant Simonds or did they participate of their own volition?
The plaintiffs in this action have not alleged a single incident which is well suited for a class action. Rather, the plaintiffs have alleged that defendant Simonds committed hundreds of individual torts over the period of thirteen years. Although here are some common issues among the plaintiffs, there are substantially more individual determinations which must be made to determine the defendants' liability. For the foregoing reasons, the plaintiffs have failed to establish that common legal and factual issues predominate over the individual issues. Practice Book § 88; Parker v. Richardson MerrellCo., supra, The motion for class certification is denied on this basis alone.