[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AFTER RE-ARGUMENT
Sixteen plaintiffs, owners of improved property in Greenwich, Connecticut, filed a complaint against the defendants, the Town of Greenwich (Greenwich), Mark B. Branchesi (Assessor), and James Branca (Tax Collector), pursuant to General Statutes §12-119. Paragraph 17 of the complaint was amended to include a statement characterizing the harm to the plaintiffs and others similarly situated as a "disproportionate tax burden."
The last general real property value assessment in the Town of Greenwich, which is required every ten years by General Statutes § 12-62, was performed on October 1, 1993. CT Page 817 (Complaint, ¶ 12). On or about March 5, 1996, the defendants notified the plaintiffs and other Greenwich property owners that the assessed value of their property for the tax list of October 1, 1995 had increased. (Complaint, ¶ 13). The plaintiffs were informed that the increases were caused by an "'equity review' undertaken by the Assessor resulting in a change in the rate applied to the improvements on the property and/or a change in the neighborhood rating of the property and/or the application or increase in what is described as an influence factor to said property." (Complaint, ¶ 19).
On July 25, 1996, the plaintiffs filed a motion to certify their claim as a class action, which was granted. The defendants made a motion to reargue the plaintiffs' motion for certification as a class action, the motion to reargue was granted and the court heard oral argument.
Practice Book § 87 states that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Section 88 further provides that "[a]n action may be maintained as a class action if the prerequisites of Sec. 87 are satisfied and [5] the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and [6] that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."
The plaintiffs estimate the possible number of their class to be in excess of 800 parties. As this is a reasonable estimate and it is undisputed by the defendants, joinder is impracticable for this lawsuit. The numerosity requirement for a class action is thus satisfied.
The defendants take issue with the fifth certification element which requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Practice Book § 88. To a certain extent, this also implicates the second element of a class action which requires that there be questions of law or CT Page 818 fact common to the class. Practice Book § 87. The defendants focus upon the requirement of General Statutes § 12-119 that the assessment be "manifestly excessive." The defendants claim that each taxpayer's property will have to be examined individually in order to determine if its assessment is `manifestly excessive' as compared to its value. The fact that these assessment records are computerized makes the prospect of eventual comparisons at trial a lot less cumbersome than it may first appear. Furthermore, a related axiom in class action jurisprudence holds that "the fact that there may have to be an individual examination on the issue of damages has never been held to bar certification of a class." Campbell v. New MilfordBoard of Education, 36 Conn. Sup. 357, 362, 423 A.2d 900 (1980), citing Samuel v. University of Pittsburgh, 538 F.2d 991, 995 (3rd Cir. 1976). If the calculation of damages will not bar class certification, then neither should the less complex comparison of assessment value and market value.
The defendants rely upon the case of Riggi v. Milford,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 041325 (March 28, 1995, Skolnick, J.). The Riggi court denied class certification because, among other reasons, common questions of law and fact did not predominate over individual claims. Riggi involved a claim by waterfront property owners in the City of Milford that their properties had been assessed atmore than 70% of their market values whereas non-waterfront property had been assessed at less than 70% of their market values. Id. Unlike Riggi, the current case focuses on an allegedly improper assessment methodology, not high individual assessments. The issue of a disputed assessment method is more compatible with a class action than an aggregate of individual disputes concerning allegedly unfair assessments. Therefore, the present case is distinguishable from Riggi.
The defendants argue that the plaintiffs are not representative of all the potential parties in this action because there are landowners whose assessments were decreased by the revaluation. The plaintiffs do not purport to represent those property owners who had their assessments decreased by virtue of the revaluation.[1] The plaintiffs' claims "arise out of the same event . . . that [gave] rise to the claims of the class members and [are] based on the same legal or remedial theory." (Internal quotation marks omitted.) Crowley v. Banking Center,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 237599 (March 9, 1992, Katz, J., 6 Conn. L. Rptr. CT Page 819 134). "Differences in the amount of damages do not make a representative's claims atypical." Id., citing Wolgin v. MagicMarker Corp., 82 F.R.D. 168 (E.D. Pa. 1979). The claims or defenses of the plaintiffs are typical of the claims or defenses of the class, thus satisfying the third requirement for a class action.
The final requirement for class certification is "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Practice Book § 88. The defendants' assertion that "there are other lawsuits pending on the issue of an increase in assessment which should not be clouded by this case" serves to further enforce the need for a class action, rather than demonstrate the impropriety of class certification. (Emphasis removed.) (Defendants' Brief in Support of Motion to Dismiss Class Action #105). The obvious "proliferation of lawsuits that might otherwise result," the possibility for elimination of "duplicative efforts by the judiciary and the litigants . . . by use of a class action," the removal of "the need for duplicative litigation expenses and attorney's fees," and "the resolution of the disputes in a single action [which] will avoid inconsistent judicial decisions" demonstrate that a class action is superior to other available methods of adjudication, thus satisfying the last requirement for a class action. Crowley v. Banking Center, supra.
The defendants raise one additional argument against class certification that is unrelated to the requirements of Practice Book §§ 87 and 88. The defendants claim that allowing certification will unfairly prejudice the town by allowing more parties into this litigation past the expiration of the statute of limitations. This argument is unpersuasive as the statute of limitations is tolled during class certification. See AmericanPipe Construction Co. v. Utah, 414 U.S. 538, 554, 94 S.Ct. 756,38 L.Ed.2d 713 (1974).
The plaintiffs have met all the requirements for class certification under Practice Book §§ 87 and 88. Furthermore, they have overcome all arguments against class certification raised by the defendants. Therefore, the plaintiffs' motion for class certification is granted.
D'ANDREA, J.