RALPH D. OSBORN *v.* ROCKLEN AUTOMOTIVE
PARTS AND SERVICE, INC.
(3397)

BORDEN, SPALLONE and DALY, Js.

Argued May 7—decision released July 2, 1985

*Hugh I. Manke,* with whom, on the brief, was *David A. Reif,* for the appellant (plaintiff).

*Geoffrey A. Hecht,* for the appellee (defendant).

DALY, J. The plaintiff instituted this action against the defendant for improperly discharging him from employment. From the granting of the defendant's motion for summary judgment, the plaintiff has appealed.

The following facts are not in dispute. The plaintiff filed a complaint against the defendant with the commission on human rights and opportunities (CHRO), claiming that he was fired, in violation of General Statutes § 46a-60 (a) (1),[1] because of a physical disability. The CHRO chairperson dismissed the matter for lack of sufficient evidence, and the plaintiff's rights to further recourse were elucidated. The plaintiff failed to avail himself of the opportunity to apply for reconsideration, or to take an appeal to the Superior Court, but instead commenced this action.

The trial court rendered summary judgment for the defendant, holding that the plaintiff's exclusive rem-

---

[1] General Statutes § 46a-60 (a) provides: "It shall be a discriminatory practice in violation of this section: (1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disorder, mental retardation or physical disability, including, but not limited to, blindness."

edy was under the Connecticut Fair Employment Practices Act (CFEPA), General Statutes § 46a-51 et seq. The plaintiff then appealed to this court.

General Statutes § 46a-83 (a) provides: "After the filing of any discriminatory practice complaint, the chairman of the commission shall refer the same to a commissioner or investigator to investigate and if the commissioner or investigator determines after the investigation that there is reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint, he shall endeavor to eliminate the practice complained of by conference, conciliation and persuasion."

If these informal procedures are unsuccessful, the CHRO must certify the complaint, hold a hearing and order appropriate relief. General Statutes §§ 46a-84, 46a-86. Thereafter, any party aggrieved by a final order of the CHRO may appeal to the Superior Court. General Statutes § 46a-95 (j).

The CHRO is charged by the act "with initial responsibility for the investigation and adjudication of claims of employment discrimination. That the act does not provide an unconditional private right of action for claimants like the plaintiff is underscored by the terms of General Statutes § 46a-99, which expressly provides such a direct right of action when the allegedly discriminatory employer is a state agency." *Sullivan* v. *Board of Police Commissioners,* 196 Conn. 208, 216, 491 A.2d 1096 (1985). Because the plaintiff failed to follow the administrative route prescribed by the legislature for his claim of discrimination, he lacks the statutory authority to pursue that claim in the Superior Court.

The plaintiff had available to him administrative remedies that could have afforded him meaningful relief under the statutes that govern his claim of discrimi-

nation. His failure to exhaust his appellate review procedures after bringing his complaint to the CHRO forecloses his access to judicial relief, because it deprived the trial court of jurisdiction to hear his complaint. Id., 217–18.

There is no error.

In this opinion the other judges concurred.