Richard CARROLL

v.

GENERAL DATACOMM INDUSTRIES, INC.

Civ. No. N–86–363(EBB).

United States District Court, D. Connecticut.

Sept. 2, 1987.

Janet Bond Arterton, Garrison, Kahn, Silbert & Arterton, New Haven, Conn., for plaintiff.

Margaret M. Sheahan, Durant, Sabanosh, Nichols & Houston, Bridgeport, Conn., for defendant.

## RULING ON MOTION TO DISMISS PENDENT CLAIM

ELLEN B. BURNS, District Judge.

Plaintiff asserts a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626 *et seq.*, as amended ("ADEA"), and a claim for breach of implied contract under state law. Defendant has moved to dismiss the pendent state law contract claim, asking the court to decline to exercise pendent jurisdiction. Plaintiff opposes this motion. For the reasons discussed below, the motion to dismiss pendent claim is denied.

The parties are in agreement that *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), guides this court in its exercise of pendent jurisdiction.

[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to liti-

gants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims.... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.... Finally, there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial....

*Id.*, at 726–727, 86 S.Ct. at 1139–40 (footnotes omitted).

Defendant contends that the court should decline to exercise pendent jurisdiction over the implied contract claim for three reasons: first, because of the likelihood of jury confusion; second, because the implied contract theory is a developing area of state law; and third, because of reasons of judicial economy. Defendant argues that the state claim necessarily involves different issues of proof and of law than the ADEA claim, creating the possibility of complicating and obscuring the federal claim. As plaintiff's two claims involve divergent legal theories, defendant argues that the court should decline to exercise pendent jurisdiction.

Although the Connecticut Supreme Court has recognized an action for breach of implied contract, defendant notes that "[t]he circumstances under which such statements can evidence a contract, however, remains an unsettled and developing area of law." Memorandum of April 28, 1987, pp. 7–8. According to the defendant, the full scope and meaning of that court's decision in *Finley v. Aetna Life and Casualty Co.*, 202 Conn. 190, 520 A.2d 208 (1987), implicating the substantial state interest in the employer-employee relationship, has yet to be determined and should be left for the state courts to decide.

Defendant also contends that trying these two distinct claims in one proceeding significantly increases the time and effort involved than would be required for a trial of the single federal claim. Judicial economy, defendant concludes, requires the court to decline exercising pendent jurisdiction.

The court finds that the relevant interests favor exercising pendent jurisdiction over the implied contract claim. While trial of the state claim and federal ADEA claim together will necessarily increase the scope of the federal case, judicial economy, and the convenience of and fairness to the litigants will be better served by one lawsuit in one forum rather than two lawsuits involving the same parties in two forums. As plaintiff notes and the court agrees, carefully drafted jury instructions will ease defendant's concern about jury confusion. Moreover, the court's experience supports the conclusion that the breach of contract claim and ADEA claim in this case are compatible for trial together before the court and that the state claim will not obfuscate the federal claim. Furthermore, the court will not be treading into unsettled areas of state law by exercising jurisdiction over the implied contract claim. While the factual circumstances of each employment case will certainly vary, the Connecticut Supreme Court has recently set forth the applicable principles in an implied contract case. In *Finley v. Aetna Life and Casualty Co.*, 202 Conn. 190, 520 A.2d 208 (1987), the court stated

In the absence of 'definitive contract language,' however, 'the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact.' In this case, therefore, whether the defendant's personnel manual gave rise to an express contract between the parties was a question of fact properly to be determined by the jury.

*Id.*, at 199, 590 A.2d 208.

This position has been reiterated in *Carbone v. Atlantic Richfield Co.*, 204 Conn. 460, 471–72, 528 A.2d 1137 (1987).

Based upon the foregoing discussion, defendant's motion to dismiss pendent claim is denied.

SO ORDERED.