Vickie BILLINGS

v.

STONE & WEBSTER
ENGINEERING CORP.

Civ. No. H–87–534 (PCD).

United States District Court,
D. Connecticut.

Feb. 8, 1988.

Janis M. Webster, Beebe & O'Neil, Norwich, Conn., for plaintiff.

Chase T. Rogers, Cummings & Lockwood, Stamford, Conn., for defendant.

## RULING ON MOTION TO DISMISS OR FOR PARTIAL SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff, a former employee of defendant, alleges that defendant terminated her employment on the basis of her sex. Count One of her amended complaint charges sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 20 U.S.C. § 2000e, *et seq.*[1] Count Two alleges sex discrimination by defendant in violation of Conn.Gen.Stat. § 46a–51, *et seq.*, and in particular § 46a–60. Count Three alleges intentional infliction of emotional distress. Count Four alleges violation of the Equal Rights Amendment of the Connecticut Constitution, Art. I, § 20. Count Five alleges breach of an implied covenant of good faith and fair dealing. Count Six alleges breach of an employment contract between the parties. Defendant moves to dismiss or in the alternative for summary judgment on Counts Two through Six. Defendant contends that the court lacks subject matter jurisdiction over Count Two and should decline to exercise pendent jurisdiction over Counts Three, Five and Six. Defendant also maintains that Counts Four and Five fail to state a claim upon which relief can be granted.

*Discussion*

### A. *Pendent Jurisdiction*

#### 1. *Count Two*

Count Two alleges that defendant discriminated against plaintiff on the basis of her sex in violation of the Fair Employment Practices Act ("Act"), Conn.Gen.Stat. § 46a–51, *et seq.*, and in particular Conn. Gen.Stat. § 46a–60. Amended Complaint, ¶ 18. Defendant contends that the Act does not create an independent cause of action and that the only avenue of judicial relief for violations of § 46a–60 is an administrative appeal to the Connecticut Superior Court.

A victim of alleged discrimination may file a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). Conn.Gen.Stat. § 46a–82. Upon dismissal of a complaint by CHRO, the complainant may appeal to the Superior Court. Conn.Gen.Stat. §§ 46a–95(j), 4–183. The statute does not expressly create an independent cause of action for violations of § 46a–60.[2] *See Atkins v. Bridgeport Hydraulic Co.*, 5 Conn.App. 643, 647, 501 A.2d 1223 (1985). The Superior Court has been held to have no jurisdiction to hear, as an independent claim, a complaint alleging violations of § 46a–60 after the CHRO had dismissed a complaint based on the same allegations and the plaintiff had not followed the administrative appeal process prescribed by statute for discrimination claims. *Id.* at 647–48, 501 A.2d 1223. *See also Osborn v. Rocklen Automotive Parts & Serv.*, 4 Conn.App. 423, 494 A.2d 622 (1985).

Because she alleges that she has filed a timely appeal to the Superior Court, Amended Complaint, ¶ 6, plaintiff contends that *Atkins* does not bar her independent action based upon § 46a–60. This argument overlooks both the clear import of *Atkins* and the nature of the remedy created for violations of § 46a–60. " 'Because the plaintiff failed to follow the administrative route prescribed by the legislature for his claim of discrimination, he lacks the statutory authority to pursue that claim in the Superior Court.' " *Atkins*, 5 Conn. App. at 647, 501 A.2d 1223, quoting *Osborn*, 4 Conn.App. at 425, 494 A.2d 622. Thus, the court implied that the *only* remedy created for violations of § 46a–60 is a complaint to the CHRO and that the only method of invoking the Superior Court's jurisdiction over such a claim is through an appeal from the CHRO's determination.

---

1. There is no diversity of citizenship to provide an independent basis for federal jurisdiction over the remaining counts, which are based on state law.

2. The independent causes of action created by the Act are generally "in lieu of, but not in addition to, filing and pursuing a complaint with the commission." Conn.Gen.Stat. § 46a–98a (expressly creating action for discrimination in extension of credit); § 46a–98a (express action for discrimination against families with children). *But see* § 46a–99 (authorizing petition to Superior Court for relief of discriminatory state practice).

Thus, a claim under § 46a–60 may be brought into a judicial forum only by appeal from the determination of the CHRO. Defendant contends that this court has no jurisdiction to review a CHRO determination.

■ The doctrine of pendent jurisdiction permits a federal court to adjudicate state claims which are presented together with a federal claim, provided that the claims arise from a common nucleus of operative fact and are sufficiently related that a plaintiff ordinarily would be expected to try them all in one judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 715–26, 86 S.Ct. 1130, 1130–39, 16 L.Ed.2d 218 (1966). However, pendent jurisdiction is a matter within the discretion of the court and is not a plaintiff's right. *Id.* at 726, 86 S.Ct. at 1139. Where considerations of judicial economy, convenience, fairness and comity weigh against adjudication of state law claims, the court can and should decline jurisdiction. The case for dismissing pendent state claims is particularly strong where the claims involve novel, unsettled or rapidly developing theories of state law. *See Kelsey v. The Sheraton Corp.*, 662 F.Supp. 10, 12 (D.Conn.1986). This practice leaves the resolution of these issues to the courts of the states, the primary interpreters and shapers of their own law.

■ The principles of *Gibbs* counsel declination of pendent jurisdiction over plaintiff's state statutory claim. Although the state claim arises from the same facts as the Title VII claim and is closely related to that claim, factors of judicial economy, comity and justice strongly favor dismissal. Prior to filing this action, plaintiff appealed the CHRO determination to the Superior Court for the Judicial District of New London. Amended Complaint, ¶ 6. That appeal is still pending and judicial economy

would not be served by its duplication in this court. A federal district court should avoid "needless determinations of state law." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. Comity suggests deference to the prior parallel state court proceeding, particularly where that proceeding is an appeal from a state administrative agency based upon a claim arising under a state statute. Finally, it is noted that review of the CHRO determination is limited by Conn. Gen.Stat. § 4–183(g):

> The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceeding. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercises of discretion.

*See Pik–Kwik Stores v. Commission on Human Rights & Opportunities*, 170 Conn. 327, 329–30, 365 A.2d 1210 (1976). Review of the authority and procedures of a state administrative agency is more appropriately undertaken by courts of the state. The state forum would procure for the parties a "surer-footed reading of applicable [state] law." *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1139. As a matter of discretion, the court declines to exercise pendent jurisdiction over plaintiff's § 46a–60 claim.[3]

---

**3.** This is not to say that a federal court could never exercise jurisdiction over such an appeal from the CHRO's determination of a claim made under § 46a–60. *See Zamore v. Dyer*, 597 F.Supp. 923, 930–31 (D.Conn.1984). While the court adopts the pendent jurisdiction analysis applied in *Zamore*, the facts of that case are distinguishable. In *Zamore*, the CHRO had

failed to act on plaintiff's complaint for over thirty-eight months and there was no pending appeal in state court. Zamore brought a timely Title VII action in federal court, joining both a federal due process claim and a claim under § 46a–60. In assuming pendent jurisdiction over the state statutory claim, the court first noted that defendant had violated the statute as

Accordingly, Count Two of plaintiff's complaint is dismissed.

### 2. Count Three

■ Count Three alleges intentional infliction of emotional distress. The Connecticut Supreme Court has recognized the existence of a claim for intentional infliction in the employment context. *See Petyan v. Ellis,* 200 Conn. 243, 253, 510 A.2d 1337 (1986) (approving formulation of tort in *Murray v. Bridgeport Hosp.,* 40 Conn. Sup. 56, 62, 480 A.2d 610 (1984)). However, in *Petyan,* the court upheld defendant's claim of absolute privilege and was not required to consider the scope of the cause of action in tort or to apply its elements to a specific set of facts. *Petyan,* 200 Conn. at 253–54, 510 A.2d 1337. Plaintiff's claim is best left to the state courts where a case-by-case development can best delineate the boundaries of the tort in Connecticut.[4]

To recover on her intentional infliction claim, "plaintiff would have to submit proof focusing on the manner in which she was fired, rather than the reason that she was fired, which is the focus of Title VII." *Kelsey,* 662 F.Supp. at 13. Similarly, while proof of emotional distress is essential to the tort claim, a plaintiff may not recover damages for emotional distress under Title VII. *Shah v. Mt. Zion Hosp. & Medical Center,* 642 F.2d 268, 272 (9th Cir.1981). *See National Organization for Women v. Sperry Rand Corp.,* 457 F.Supp. 1338, 1347 (D.Conn.1978) (striking claim for punitive and compensatory damages). Thus, Count Three additionally presents the possibility of confusion of the issues and complication of the presentation and resolution of the case. Therefore, the court declines to exercise pendent jurisdiction over plaintiff's tort claim. Defendant's motion to dismiss Count Three is granted.

### 3. Counts Five and Six

■ Count Five alleges breach of an implied covenant of good faith and fair dealing and Count Six alleges breach of an employment contract. Plaintiff's contract of employment was for an indefinite period. In Connecticut, absent special circumstances, an employment contract without a definite term is terminable at will by either party without cause. *Sheets v. Teddy's Frosted Foods,* 179 Conn. 471, 474, 427 A.2d 385 (1980). Plaintiff argues that she was not an at-will employee because defendant's employment manuals and handbooks created a contractual obligation not to discharge her without just cause. An employer's manuals and handbooks may become part of an employment contract and impose a just-cause requirement. *Finley v. Aetna Life & Cas. Co.,* 202 Conn. 190, 520 A.2d 208 (1987). Whether defendant's manuals and handbooks gave rise to an express contract between the parties is a question of fact to be submitted to the trier of fact. *Id.* at 199, 520 A.2d 208. Retention of this claim would complicate the case by requiring evidence of the intention of the parties with respect to the manuals and the formation of the alleged contract. Moreover, *Finley* has not yet been applied on a case-by-case basis in the Connecticut courts, so that the law of implied-in-fact contracts is still unsettled in Connecticut. *See Snyder v. J.M. Ney Co.,* Civil No. H–85–653 (D.Conn. Mar. 15, 1987) [Available on WESTLAW, 1987 WL 14970]

a matter of law, 597 F.Supp. at 928, and that the agency delay in deciding a purely legal issue had "prejudiced substantial rights of the appellant." *Id.* at 929–30. Also, summary judgment had already been granted in Zamore's favor on her federal constitutional claim. Thus, exercise of federal pendent jurisdiction did not duplicate forums and did not require the court to decide close questions of state law, while it allowed the court to grant speedy remedial relief consistent with the federal policies expressed in Title VII. In contrast, plaintiff here has made no claim that the state court will not decide her appeal in a timely manner and neither her federal nor state claims are appropriate for resolution on summary judgment.

4. Plaintiff's appeal of the CHRO action is pending in Superior Court. *Amended Complaint,* ¶ 6. Thus, plaintiff's discrimination claims will be litigated in dual forums regardless of this court's exercise of its pendent jurisdiction. *Cf. Carroll v. General Datacomm Indus., Inc.,* —— F.Supp. ——, Civil No. N–86–363 (D.Conn. Sept. 2, 1987) [Available on Westlaw, 1987 WL 44200] (Ruling on Motion to Dismiss Pendent State Claim at 3) (assuming jurisdiction in order to provide single forum for parties).

988

(Ruling on Defendant's Motion for Dismissal and to Strike at 11). The state courts are the most appropriate forum for initial development of the principles announced in *Finley.*

The exercise of pendent jurisdiction over these claims "has the potential to complicate and confuse the issues at trial, to obscure the federal claim, and to involve the federal court in making multiple determinations of important unsettled state law." *Kelsey,* 662 F.Supp. at 14. The motion to dismiss Counts Five and Six is granted.[5]

### B. *Failure to State a Claim Count Four*

■ Count Four alleges that defendant's conduct denied her the equal protection of the law in violation of the Connecticut Constitution, Art. I, § 20. The equal protection clause of § 20 does not limit the private conduct of individuals and is not violated by private conduct abridging individual rights. *Lockwood v. Killian,* 172 Conn. 496, 501, 375 A.2d 998 (1977). To state a cause of action under § 20, plaintiff must allege facts which show some "significant state involvement" in the discriminatory conduct. *Id.* at 501–02, 375 A.2d 998. The complaint contains no allegations that the state was involved in any manner in her discharge from defendant's employment.[6] Accordingly, the motion to dismiss Count Four is granted.[7]

### Conclusion

Defendant's motion to dismiss Counts Two through Six is granted.

SO ORDERED.

---

5. Because the court declines to exercise jurisdiction over the pendent state claims alleged in Counts Two, Three, Five and Six, it is unnecessary to reach defendant's motion to dismiss Count Five for failure to state a claim upon which relief can be granted or defendant's motion in the alternative for summary judgment on any of these counts.

6. Plaintiff's memorandum does not address defendant's motion to dismiss Count Four.

7. In view of the granting of the motion to dismiss, it is unnecessary to reach defendant's motion in the alternative for summary judgment on this count.