[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS #143
The plaintiff, Sheila Grove, instituted this action against the defendants the Jewish Family Service of New Haven, Inc., and Jared N. Rolsky, Executive Director, for improperly discharging her from employment based on religious discrimination in violation of Conn. Gen. Stat. 46a-60 et seq. Plaintiff brings this action pursuant to a four count amended complaint. Count I of the amended complaint pleads breach of plaintiff's employment contract. Count II alleges that "plaintiff was terminated by the defendant and its Executive Director because of her religious CT Page 3789 beliefs in that she is not of the Jewish faith or background." Count III alleges that "[d]efendant without justification tortiously discharged the plaintiff in violation of `Connecticut's' strong public policy." Count IV lies against Rolsky for his alleged "tortious interference" with plaintiff's employment contract.
It is alleged that plaintiff was employed as an administrative secretary by the defendant Jewish Family Service of New Haven, Inc., a private agency located in New Haven, Conn., from March 1, 1971 to August 23, 1985. Plaintiff further alleges that in 1982, the Board of Directors at said agency adopted a Personnel Code which set forth the terms and conditions of her employment. The Personnel Code states that: "If a staff position is abolished because of reorganization of the program . . . the person filling that position will be offered any other position available, if he/she qualifies for it, and will have the opportunity of accepting a position in another classification." (see plaintiff's complaint, count I, par. 23). Plaintiff alleges that on July 26, 1985, she was informed by defendant Rolsky that her position as an administrative secretary was being eliminated and replaced by an office manager. Pursuant to Conn. Practice Bk. 142 and 145 defendants now move to dismiss counts II and III of the amended complaint. The defendants contend that there exists no private right of action for religious discrimination in employment except for that action prescribed in the Connecticut Fair Employment Practices Act. (Conn. Gen. Stat. 46a-60 et seq.). The defendants argue that said act provides for exclusive remedies with the Commission on Human Rights and Opportunities (CHRO) and that since plaintiff did not exercise the rights available to her by the CHRO, counts II and III are barred for failure to exhaust administrative remedies prior to bringing this claim to court. Defendants contend, therefore, that this court lacks subject matter jurisdiction to hear plaintiff's claim. Defendants have filed a memorandum in support of their motion to dismiss and plaintiff has filed a memorandum in opposition to defendants' motion.
A motion to dismiss is the appropriate vehicle to challenge the jurisdiction of a court. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). When a motion to dismiss does not seek to introduce facts outside the record, it admits all well pleaded facts, the complaint being construed most favorably to the nonmovant. American Laundry Machinery, Inc. v. State,190 Conn. 212, 218 (1983). If the facts of the complaint indicate that the court is without jurisdiction, the complaint must be dismissed. Concerned Citizens of Sterling v. Town of Sterling,204 Conn. 551, 557 (1987). "If the trial court had no jurisdiction because the plaintiffs had failed to exhaust their administrative remedies, the action must be dismissed." Id. CT Page 3790
 "[W]here a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure . . . [D]irect judicial adjudication even of constitutional claims is not warranted when the relief sought by a litigant might conceivably have been obtained through an alternative [statutory] procedure . . . which [the litigant] has chosen to ignore. . . . [Furthermore,] When an adequate administrative remedy exists at law, a litigant must exhaust it before the Superior Court will obtain jurisdiction over an independent action on the matter."
Owner-Operators Independent Drivers Assn. of America v. State,209 Conn. 679, 687 (1989); McNish v. American Brass Co., 139 Conn. 44,53 (1952); Fortunato v. Board of Public Safety, 36 Conn. Sup. 367,640 (1980).
COUNT II
The Connecticut Fair Employment Practices Act (Conn. Gen. Stat. 46a-60 et seq.) is designed to protect individuals from discrimination because of their sex, age, religion, race, color, national origin or ancestry. Evening Sentinel v. National Organization for Women, 168 Conn. 26, 34 (1975). Conn. Gen. Stat.46a-60 states, in pertinent part, that:
 "(a) It shall be a discriminatory practice in violation of this section:
 (1) For any employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disorder, mental retardation, learning disability or physical disability, including but not limited to, blindness;"
Pursuant to Conn. Gen. Stat. 46a-54 (8), the CHRO is authorized to "receive . . . investigate and mediate discriminatory complaints." CT Page 3791
 "Read in its entirety, the CFEPA not only defines important rights designed to rid the workplace of discrimination, but also vests the first-order administrative oversight and enforcement of these rights in the CHRO. It is the CHRO that is charged by the act with initial responsibility for the investigation and adjudication of claims of employment discrimination."
Sullivan v. Board of Police Commissioners, 196 Conn. 208, 216
(1985).
Conn. Gen. Stat. 46a-99 "expressly provides . . . a direct right of action when the allegedly discriminatory employer is a state agency." Id. Thus, 46a-99 recognizes a narrow exception by which a claimant may bypass administrative remedies in favor of direct judicial action. Id. Since the defendant employer in this case is not a state agency, the CFEPA does not provide an unconditional private right of action for claimants like the plaintiff.
The procedure by which the CHRO investigates and prosecutes an employment discrimination claim is set forth in Conn. Gen. Stat. 46a-82 et seq. Section 46a-82 of the Conn. Gen. Stat. provides that "(a) Any person claiming to be aggrieved by an alleged discriminatory practice, may, by himself or his attorney, make, sign and file with the commission a complaint. . . ."
In Sullivan v. Board of Police Commissioners, 196 Conn. 208, the plaintiff failed to file a complaint with the CHRO prior to bringing a direct action in superior court. Plaintiff claimed that mandatory retirement at age sixty-five constituted a discriminatory employment practice. The Sullivan court held that since plaintiff had not followed the administrative route prescribed under the CFEPA, plaintiff was precluded from bringing a direct action in superior court. "His failure . . . to bring his complaint to the CHRO forecloses his access to judicial relief, because it deprived the trial court of jurisdiction to hear his complaint. Id. at 217-118. See Osborn v. Rocklen Automotive Parts and Service, Inc. 4 Conn. App. 423 (1985); Carpenter v. Planning and Zoning Commission, 176 Conn. 581, 598 (1979).
Because plaintiff has failed to follow the administrative route that the legislature has prescribed for her claim of discrimination, the court lacks subject matter jurisdiction over the claim in Count II. Sullivan, 196 Conn. at 216; Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 647 (1985); Osborn,4 Conn. App. at 425. Therefore, defendants' motion to dismiss Count CT Page 3792 II is granted.
COUNT III
Count III of plaintiff's amended complaint alleges that she was terminated from her employment in violation of Connecticut's strong public policy "opposing discrimination on the basis of religious belief." A cause of action for wrongful discharge is only recognized where public policy is clearly contravened. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (980); Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. at 648.
 A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated.
(emphasis added), Atkins, 5 Conn. App. at 648.
"A claimant may bypass administrative remedies in favor of direct judicial action only when that remedy is clearly inadequate." Laramie v. Miniaci, C.S.S.R. 79 (Dec. 14, 1989, Liavri, J.); see Sullivan, 196 Conn. at 208; Osborn,4 Conn. App. at 425-26. Since the plaintiff here had a remedy at law through the CHRO which she failed to pursue, she has no cause of action for wrongful discharge in this court. See Sheets,179 Conn. at 471.
CONCLUSION
As to Counts II and III, plaintiff's failure to pursue administrative procedures available to her deprives this court of subject matter jurisdiction to hear these counts. Accordingly, defendants' motion to dismiss Counts II and III is granted.
DONALD T. DORSEY, JUDGE