[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS ANDMOTION TO STRIKE
This action arose as the result of alleged sexual misconduct by a Hartford public school principal, Fred DeJesus [DeJesus] against the plaintiff, Delia M. Martinez-Duff [Martinez], a public school teacher. In her five count amended complaint dated October 3, 1995 Martinez claims that the defendant DeJesus carried on acts of sexual misconduct against her at the Michael D. Fox Elementary School, where DeJesus was employed between September 1992 until her transfer to the Quirk Middle School in September, 1993.
In her complaint, Martinez specifically alleges that in the First Count that DeJesus' sexual misconduct and harassment constituted a tortious interference with Martimez's contract with the Hartford Board of Education; in the Second Count said conduct tortiously interfered with Martinez's business relationship with the Fox School and the Hartford Board of Education; in the Third Count that said conduct constituted sexual harassment in violation of Section 46a-60 of the Connecticut General Statutes; in the Fourth Count said conduct constituted intentional infliction of emotional distress; and in the Fifth Count that said conduct constituted negligent infliction of emotional distress.
On December 18, 1995, DeJesus filed a Motion to Dismiss the first three counts and a Motion to Strike the Fourth and Fifth counts.
 I
With respect to the First and Second Counts, Defendant argues that the court lacks subject matter jurisdiction over Martinez's claims because she failed to exhaust all the grievance procedures available to her under the applicable collective bargaining agreement including arbitration.
Plaintiff claims that claims of tortious interference with contractual relations and tortious interference with business expectancy alleged in the First and Second Counts do not fall within the ambit of the collective bargaining agreement; that as a tenured teacher, she is not required to exhaust her remedies; and finally, that claims arising out of the wrongful transfer of teachers are exempt from resolution under the traditional grievance and arbitration procedures under the collective bargaining agreement. CT Page 4077
Both parties rely on the provisions found in the Collective Bargaining Agreement between the Hartford Board of Education of the City of Hartford and the Hartford Federation of Teachers, Local No. 1018, AFT, AFL-CIO July 1, 1992 — June 30, 1995. The collective bargaining agreement outlines the procedure for resolution of grievances and defines "grievance" to mean "a complaint by an employee that he/she has been subjected to arbitrary, capricious or discriminatory policy or practice or that his/her rights under the specific language of the administrative regulations or the directive of the administration, whether contained in Board Policy and Administrative Manual or in the Administrative Regulations Handbook or in this Agreement have been violated or that as to him/her there is a misinterpretation or a misapplication of the specific provisions of administrative regulations or the directive of the administration, or of this Agreement."
 II
In Paragraph 9(n) 10 of the First Count Plaintiff claims that DeJesus "in treating [her] in the aforementioned manner . . . intentionally interfered with the express contract [she] had with the Hartford Board of Education." Plaintiff presumably relies upon specific language found within the collective bargaining agreement which delineates that teachers employed by the Hartford Board of Education are to be protected from harassment, and her prayer for relief is based upon breach of the collective bargaining agreement. Obviously, it is necessary to interpret the terms of the agreement to reach the merits of her breach of contract claim. "In construing contract terms, the court seeks to effectuate the intent of the parties . . . . To ascertain the parties' intent, the courts consider not only the language used in the contract but also the circumstances surrounding the making of the contract, the motives of the parties and the purposes which they sought to accomplish." Colby v. Burnham, 31 Conn. App. 707,714, (1993). Since the court must rely upon the language of the collective bargaining agreement in order to reach a decision, plaintiff's claim that the agreement does not "encompass and/or control the disputed matter" is without merit.
Plaintiff offers no authority to support her contention that tenured teachers are not bound by the conditions set CT Page 4078 forth in the collective bargaining agreement. On the contrary, Article III of the agreement entitled, GrievanceProcedure, states that all "individual employees" are bound under the agreement. In Count One she concedes that she was "employed" by the Hartford Board of Education, as a teacher." As an employee of the Hartford Board of Education she is covered and subject to the terms of the collective bargaining agreement.
Finally, Plaintiff argues that any grievance she would have arose out of her transfer to Quick Middle School and accordingly, she was not eligible to participate in the grievance and arbitration procedures and thus, was not required to exhaust her administrative remedies. She relies on the holding of Cahill v. Board of Education, 198 Conn. 229, (1985), but that decision is inapposite to this case because the facts are quite different.
In Cahill, since the collective bargaining agreement at issue did not provide for "teacher transfers", and the Supreme Court stated "Thus, the plaintiff's only remedy for contesting the defendant's decision to transfer her was the court process." Id., 104. In the present case, Article II of the agreement, specifically gives the Board the right to "employ, assign and transfer teachers [and] to suspend or dismiss the teachers of the schools in the manner provided by statute or ordinance."
Moreover, Hunt v. Prior, 236 Conn. 421 (1996) held that to, "allow an employee covered by a collective bargaining agreement to circumvent the contract's grievance mechanism simply by seeking relief outside the scope of that argument . . . would undermine the state's policy favoring recourse to contract grievance procedures as a means of dispute resolution . . . . and would defeat the express intent of the parties to the collective bargaining agreement that the grievance mechanism be utilized to settle such claims and disputes as expeditiously as possible." The court concluded that, "because the grievance mechanism of the collective bargaining agreement provided the plaintiff with a full, fair and immediate opportunity to challenge the defendants' actions, [the] claim of an inadequate administrative remedy must fail." Id., 435-436.
Accordingly, the defendant's motion to dismiss the First CT Page 4079 and Second Counts of the Amended Complaint is granted, because Plaintiff failed to exhaust her administrative remedies under the collective bargaining agreement.
 III
In the Third Count Plaintiff claims that DeJesus' actions of sexual harassment "expressly and intentionally violated General Statutes § 46a-60 as amended."
Section 46a-60 states in pertinent part,
 It shall be a discriminatory practice in violation of this section: (1) for an employer, by himself or his agent . . . to discriminate against [any individual] in compensation or in terms, conditions or privileges of employment because of the individual's . . . sex;
 (5) for any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so.
Defendant argues that § 46a-60 does not create a private cause of action for sexual harassment against persons who, like Mr. DeJesus, are not "employers" and that as Martinez's supervisor, not employer, the third count fails to state a sufficient claim against him.
Section 46a-51 of the General Statutes defines "employer" as including "the state and all political subdivisions thereof and means any person or employer with three or more persons in his employ." The Connecticut Commission of Human Rights and Opportunities is charged through this and related statutes with initial responsibility for the investigation and adjudication of claims of employment discrimination. That the act does not provide an unconditional private right of action for claimants like the plaintiff is underscored by the terms of General Statutes 46a-99, which expressly provides such a direct right of action when the allegedly discriminatory employer is a state agency." Osborn v. Rocklen AutomotiveParts Service, 4 Conn. App. 423, (1985) (emphasis supplied). CT Page 4080 See also Sullivan v. Board of Police Commissioners, 196 Conn. 208,216, (1985); Hernandez v. Standard Mattress Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 397408 (August 12, 1992) (Burns, J.).
The cause of action against DeJesus in the Third Count is insufficient at law because, supervisors are not employers and are not the intended defendants within the meaning of this statute. The motion to strike the Third Count is granted.
 IV
In order for Plaintiff to prevail in her claim for intentional infliction of emotional distress alleged in the Fourth Count, four elements must be established. "It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe . . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind . . . . Thus, it is the intent to cause injury that is the gravamen of the tort." DeLaurentisv. New Haven, 220 Conn. 225, 266-67, (1991).
It appears that Plaintiff has sufficiently pleaded that DeJesus intended to inflict emotional distress, knew or should have known that emotional distress was a likely result of his conduct and that the conduct was the cause of the plaintiff's distress. It also appears that the conduct alleged by Plaintiff is extreme and outrageous and goes beyond conduct that is "merely insulting or displays bad manners or results in hurt feelings." Mellaly v. Eastman Kodak Company,
42 Conn. Sup. 19, 20, (1991).
Plaintiff alleges, among other claims, that DeJesus intentionally and repeatedly placed his hand down her back and touched her brassiere in a sexually aggressive manner; positioned his body in order to force physical contact between himself and Martinez in a sexually aggressive manner and made threatening gestures, screamed and yelled at Martinez in the CT Page 4081 presence of both students and other faculty. In reviewing the legal sufficiency of a complaint, the truth of the facts alleged is assumed and they are construed in the light most favorable to sustaining the sufficiency of the complaint.Bouchard v. People's Bank, 219 Conn. 465, 467, (1991). By this standard, the facts as alleged, if proven, would support a cause of action for intentional infliction of emotional distress. Defendant's motion to strike the fourth count is denied.
 V
A cause of action for negligent infliction of emotional distress was first recognized by our Supreme Court inMontinieri v. Southern New England Telephone Co., 175 Conn. 337,398 A.2d 1180 (1978). See also Morris v. HartfordCourant Co., 200 Conn. 676, 683, (1986). Negligent infliction of emotional distress is applicable when "a defendant should have realized that its conduct involved an unreasonable risk of causing the distress, and from the facts known to it, should have realized that the distress, if it were caused, might result in illness or bodily harm." Montinieri v.Southern New England Telephone Co., supra, 341. Unlike the tort of intentional infliction of emotional distress, recovery for unintentionally caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact. Id., 345. Therefore, the emotional distress "must be reasonable in light of the conduct of the defendants." Barrett v. Danbury Hospital, 232 Conn. 242,261, (1995).
Viewing the facts alleged in the Fifth Count in a manner most favorable to the plaintiff, including the facts necessarily implied and fairly provable under the allegations, the court finds that they would support a cause of action for negligent infliction of emotional distress. S.M.S. Textile v.Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,790 (1993). Defendant's motion to strike Fifth Count is denied. CT Page 4082