[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The plaintiff, Richard Cicero, a retired police officer of the town of Suffield, Connecticut, filed a five count complaint against the defendants, the town of Suffield ("the town") and the Retirement Commission of the Town of Suffield ("the Retirement Commission") arising from his retirement agreement with the town. The complaint alleges, as to both defendants: breach of contract; breach of the implied covenant of good faith and fair dealing; intentional infliction of emotional distress; unintentional infliction of emotional distress; and conversion.
The defendants filed this motion to dismiss on April 16, 1997, arguing that the court lacks subject matter jurisdiction due to the plaintiff's failure to exhaust administrative remedies by failing to follow the grievance procedures set forth in the collective bargaining agreement between the town and the police union.
— I —
It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. O G Industries, Inc. v. PZC, 232 Conn. 419, 425 (1995).Hunt v. Prior, 236 Conn. 421, 431-32 (1996).
The defendants argue that the operative pension plan is contained in the collective bargaining agreement between the town and Local Union #3 (hereinafter the "collective bargaining pension plan"), effective July 1, 1992, through June 30, 1995, located at Article XV, cross-referencing appendix IV and claim that because the collective bargaining pension plan is controlling, the plaintiff should have followed the grievance procedures provided in Article XVII of the collective bargaining agreement. The collective bargaining pension plan explicitly provides: "Any grievances or disputes with respect to the CT Page 8980 Administration of Benefits for Police Participants shall be processed through the Grievance Procedure in the Police Collective Bargaining Agreement." The defendants claim because the plaintiff has failed to follow these collective bargaining grievance procedures, his complaint should be dismissed for lack of subject matter jurisdiction.
The plaintiff claims that the "Pension Plan of the Town of Suffield, as amended and restated, as of July 1, 1989" ("1989 pension plan") is the operative plan pursuant to the separation agreement between the plaintiff, the town of Suffield, and the police union. Plaintiff argues because the separation agreement and the 1989 pension plan are controlling and do not provide grievance procedures, he was not obliged to follow the grievance procedures set forth in the collective bargaining agreement.
— II —
The parties concede that the terms of both the collective bargaining and 1989 pension plans are nearly identical, except that the grievance mechanism for dispute resolution contained in the collective bargaining agreement is absent from the separation agreement's 1989 pension plan.
The interpretation of the collective bargaining agreement requires the application of general contract law. See, e.g.,Anderson v. Pension Retirement Board, 167 Conn. 352, 354 (using contract law to discover the intent behind a collective bargaining agreement); Labbe v. Pension Commission,229 Conn. 801, 643 A.2d 1268 (1994) (repeatedly referring to a collective bargaining agreement's grievance procedures as "contractual remedies"); Martinez-Duffy v. DeJesus, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 545193 (May 1, 1996, Wagner, J.) (17 Conn. L. Rptr. 64) (using contract law to determine intent).
It is true that the plaintiff's initial authority to enter into the separation agreement with the town and the union ostensibly stemmed from the collective bargaining agreement. Article XVII, "Grievance," Section 2, provides: "Nothing contained herein shall prevent any employee from presenting his/her own grievance and then representing himself/herself in these procedures, provided that no settlement which contravenes this Agreement shall be made by the employee and the Town." However, under general contract principles this court finds that CT Page 8981 the separation agreement supersedes the collective bargaining agreement, thus making plaintiff's lack of compliance with the collective bargaining agreement's grievance mechanism immaterial.
Parties may alter or modify any term of an existing contact by entering into a subsequent contract. Manzin v. United Bank Trust Co., 6 Conn. App. 513, 516 (1986). Modification of a contract may be inferred from the attendant circumstances and conduct of the parties. Whether the parties to a contract intended to modify the contract is a question of fact. Newman andPartners v. CFC Construction Ltd., 236 Conn. 750, 761-62, 1313
(1996).
Two clauses of the separation agreement are significant to the resolution of whether the separation agreement is controlling. First the introductory language of the separation agreement provides: "The town, the union and the plaintiff] hereby agree to the following terms and conditions in full andfinal resolution of all issues pertaining to Officer Cicero'sseparation from employment."
The separation agreement is very specific as to what sections of other contracts it incorporated. Thus the separation agreement incorporates Article IX of the 1989 pension plan; (see Complaint, Exhibit A, Separation Agreement, ¶¶ 2-3); Article XI, Section 2(c) of the collective bargaining agreement; (see Complaint, Exhibit A, Separation Agreement, ¶ 5); and Article XI, Section 2(b).
Because the separation agreement does not contain a grievance mechanism or incorporate the collective bargaining agreement's grievance mechanism, it may be inferred that disputes about the incorporated 1989 pension plan were not intended to be subject to grievance procedures. In fact, the 1989 pension plan itself refers only to "actions or proceedings," not grievance procedures.
The second clause of the separation agreement expresses the parties' intent that the separation agreement is the operative contract as between them is the handwritten addition of an integration clause on the last page of the separation agreement, dated and signed February 8, 1995, which provides: "The express terms of this Agreement set forth the sole and exclusive terms which were and are agreed to between the parties." This indicates a strong expression that nothing be implied as obligation other CT Page 8982 than terms specifically set forth. Vezina v. Nautilus Pools,Inc., 27 Conn. App. 810, 813-14, 1312 (1992).
Moreover, a review of the collective bargaining agreement after its modification by the separation agreement, reveals that all provisions except those in Article XV, "Retirement" relate entirely to the terms of employment while still employed. These provisions have no relevance to a retiree such as the plaintiff, thus supporting the conclusion that the parties intended the integration clause to make it clear that the separation agreement remain as the only binding document between the parties.
In ruling on a motion to dismiss, the court must consider the allegations of the complaint in their most favorable light.Savage v. Aronson, 214 Conn. 256, 264 (1990). This court concludes that the separation agreement is the controlling agreement between the parties, superseding the collective bargaining agreement. Because the separation agreement does not contain a grievance mechanism or incorporate the collective bargaining agreement's grievance procedures, the plaintiff was not obligated to exhaust grievance procedures before filing this suit. Defendants' motion to dismiss is denied.
WAGNER, J.