[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a three count complaint seeking damages from the city of Hartford, claiming a violation of the plaintiffs civil rights, intentional infliction of emotional distress and negligent infliction of emotional distress, arising out of actions of Hartford police officers who allegedly threatened the plaintiff when they entered her home to effectuate a court order.
The defendant has filed a motion to strike the plaintiffs complaint.
 I
The defendant moves to strike the first count on the basis that the plaintiffs civil rights claim under 42 U.S.C. § 1983
fails to state a claim for a specific constitutional violation.
Our Supreme Court has held that in order to state a cause of CT Page 6145 action under § 1983, a plaintiff must allege "that a deprivation of federal rights has occurred under color of any statute, ordinance, regulation, custom or usage." Tedesco v.Stamford, 215 Conn. 450, 456, (1990). There exists two separate areas of inquiry: the plaintiff must prove a constitutional or statutory violation and that violation must have been committed by the defendant acting under color of law. Wilson v. Hryniewicz,38 Conn. App. 715, 719-20, cert. denied, 235 Conn. 918, (1995).42 U.S.C. § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. A necessary step in any such statutory claim is to identify the specific constitutional right allegedly infringed."Albright v. Oliver, 510 U.S. 266, 271,114 S.Ct. 807, 127 L.Ed.2d 114 (1994).
The plaintiff's complaint falls to allege that a deprivation of federal rights has occurred and fails to identify the constitutional or statutory right allegedly infringed. The complaint simply alleges that the officers made threats to the plaintiff which were unprivileged, willful, malicious and made with the intent to cause severe mental pain and distress, and that such conduct was a violation of her civil rights. Count one is insufficient as a matter of law.
 II
The defendant moves to strike the second count of the complaint on the basis that the allegations of intentional infliction of emotional distress fail to state a viable cause of action since the officer's actions in executing a civil court order were "privileged."
The complaint alleges that the threats made by the defendant's officers were unprivileged. It is unclear from the allegations whether the officers were, as claimed by the defendant, "simply insisting upon their legal rights in a permissible way," entitling them to the defense of privilege; or whether the statements were so threatening and extreme as to be unprivileged. Accordingly, because the court is limited to the facts alleged in the complaint and must construe the allegations in a light most favorable to the plaintiff, the second count appears to be sufficient at law.
 III
The defendant moves to strike the third count of the CT Page 6146 complaint alleging negligent infliction of emotional damage on the basis that "emotional disturbance without a physical manifestation thereof is not sufficient to state a claim" for negligent infliction of emotional distress, citing Maloney v.Conroy, 208 Conn. 392, 400, (1988).
It is now settled in this state that "recovery for unintentionally caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact." Montinieri v. Southern New England TelephoneCo., 175 Conn. 337, 345, (1978); see Martinez-Duffy v. DeJesus,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 545193 (May 1, 1996, Wagner, J.) (17 Conn. L. Rptr. 64, 66). Maloney v. Conroy, supra relied upon by defendants is a bystander emotional distress case, and distinguishable from the present action. Even in bystander cases, however, our Supreme court has declined to adopt § 436A of the Restatement (Second) of Torts instead holding that a plaintiff's "injury may be purely emotional and need not manifest itself physically." Clohessy v. Bachelor, 237 Conn. 31, 54, (1996).
Motion to Strike First Count granted. Motion to Strike Counts Two and Three denied.
Jerry Wagner Judge Trial Referee