Charles RENTSCHLER, et al., Plaintiffs,

v.

Mel CARNAHAN, et al., Defendants.

No. 4:94CV00396 GFG.

United States District Court,
E.D. Missouri,
Eastern Division.

Feb. 10, 1995.

Charles Rentschler, pro se.

Michael A. Kahn, David A. Streubel, Patricia S. Williams, Gallop and Johnson, St. Louis, MO, Joseph P. Murray, Sandberg and Phoenix, St. Louis, MO, Marilyn S. Teitelbaum, Partner, Schuchat and Cook, St. Louis, MO, for Charles Rentschler, Arthur St. Peter, Burdell McCall.

Arthur St. Peter, pro se.

Burdell McCall, pro se.

Susan D. Boresi, Joseph S. Lawder, Atty. Gen. of Mo., Asst. Atty. Gen., St. Louis, MO, for Mel Carnahan, Dora B. Schriro.

Patricia S. Williams, Gallop and Johnson, St. Louis, MO, Joseph S. Lawder, Atty. Gen. of Mo., Asst. Atty. Gen., St. Louis, Mo., for Paul K. Delo.

Patricia S. Williams, Gallop and Johnson, St. Louis, Mo., for Robert L. Simpson, Bob Hixon, Dean Adams.

Dennis K. Dittman, pro se.

Thomas Lawrence, pro se.

Kenneth W. Heistand, pro se.

Patrick M. Cullen, pro se.

Daniel Salkil, pro se.

Rory D. Nitcher, pro se.

Joseph N. Beck, Jr., pro se.

John Methfessel, pro se.

Franz Williams, pro se.

Timothy Johnson, pro se.

Glenn Robinson, pro se.

John Patrick Thiel, pro se.

David C. Tate, pro se.

Mark A. Brown, pro se.

Danny Madison, pro se.

Marcus Adkins, pro se.

Bernard E. Bailey, pro se.

Randy D. Wilhite, pro se.

Warren P. Beghtel, pro se.

Lawrence J. Merola, pro se.

## *ORDER*

GUNN, District Judge.

This matter is before the Court on plaintiffs' motion for class certification.

Plaintiffs are inmates at the Potosi Correctional Center ("PCC"). Plaintiffs have filed suit against various prison officials pursuant to 42 U.S.C. § 1983. Plaintiffs now seek an order determining whether this case may be maintained as a class action on behalf of plaintiffs and on behalf of all other persons similarly situated, who are either now, or in the future will be, incarcerated at PCC, exclusive of those inmates who are now, or in the future will be, placed in PCC's capital punishment housing unit. Defendants oppose class certification.

Initially, the Court notes that this is a prison overcrowding case. Plaintiffs allege that defendants' conduct violates rights guaranteed to them and the members of the putative class by the Sixth, Eighth and Fourteenth Amendments. They claim that defendants' policy and practice of prison overcrowding at PCC has led to inhumane conditions. Plaintiffs are seeking an injunction that would prevent defendants from placing additional inmates into the facility; require a reduction in the current prison population; require improvements and modifications to PCC's physical structure; require modifications to PCC staffing, policies and procedures; and mandate court supervision of defendants' compliance with any injunctive relief given.

### I. Rule 23(a): Class Certification

█ Rule 23(a) allows one or more individuals to sue as representative parties on behalf of a class "only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In addition to satisfying the four prerequisites of numerosity, commonality, typicality and adequacy of representation, the proposed class must fall within one of the subcategories of Rule 23(b). The Court has broad discretion in determining whether an action may be maintained as a class action. *Coley v. Clinton,* 635 F.2d 1364, 1378 (8th Cir.1980).

### A. Numerosity

■ In addressing the numerosity requirement, the Court must make the determination of whether a class is sufficiently large so as to render joinder of all its members impractical in light of the particular circumstances of the case. *Arkansas Educ. Ass'n v. Board of Educ. of Portland, Arkansas Sch. Dist.,* 446 F.2d 763, 765 (8th Cir. 1971); *Ad Hoc Comm. v. City of St. Louis,* 143 F.R.D. 216, 220 (E.D.Mo.1992). Plaintiffs allege that PCC houses over 700 inmates and defendants do not dispute this. Additionally, the fact that the proposed class includes future PCC inmates does not preclude class certification. *Inmates of Lycoming County Prison v. Strode,* 79 F.R.D. 228, 231 (M.D.Penn.1978). In view of the potential size of the class and the difficulty of joinder, the Court finds that the numerosity requirement of Rule 23(a) is satisfied.

### B. Commonality

■ As for the commonality requirement, Rule 23(a)(2) does not require that all questions of law or fact raised in litigation be common; there need only be a single issue common to all class members. *Coley,* 635 F.2d at 1378; *Alexander Grant & Co. v. McAlister,* 116 F.R.D. 583, 587 (S.D.Ohio 1987). In this case, unquestionably there are common legal and factual questions. Whether the conditions, practices and policies of defendants, as they relate to PCC's conditions of confinement, are unconstitutional is a common issue for all present and future PCC inmates. Class certification is often proper for cases involving prisoners' rights. *See generally Harris v. Angelina County, Texas,* 31 F.3d 331 (5th Cir.1994); *Gates v. Deukme-*

*jian,* 987 F.2d 1392 (9th Cir.1992); *Jensen v. Gunter,* 807 F.Supp. 1463 (D.Neb.1992). Therefore, the Court finds that plaintiffs have satisfied the commonality requirement of Rule 23(a).

### C. Typicality

■ The third requirement for class certification focuses on the claims of the representative parties and whether they are "typical" compared to the other class members. "[T]he typicality provision requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.,* 554 F.2d 825, 830 (8th Cir.), *cert. denied,* 434 U.S. .856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977). Class members have similar grievances if they have been subjected to the same allegedly unlawful treatment. *Hedge v. Lyng,* 689 F.Supp. 884, 890 (D.Minn.1987). Clearly, the representative parties in this case and the members of the putative class have been subjected to the same allegedly unlawful policies and conditions at PCC. Furthermore, the claims of plaintiffs and members of the putative class are all based on the same legal theories, the same arguments of unconstitutionality. *See Rodriguez v. McKinney,* 156 F.R.D. 112, 114 (E.D.Pa.1994). The Court therefore finds that the typicality requirement is satisfied in this case.

■ In attacking plaintiffs' ability to satisfy the typicality requirement, defendants urge this Court not to approve class certification because plaintiffs' claims and allegations are meritless. However, this Court cannot consider the merits of plaintiffs' claims in determining whether a suit may be maintained as a class action. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974).

### D. Adequacy of Representation

■ To satisfy the adequacy of representation requirement, plaintiffs must establish that: (1) the class representatives' interest is coextensive with and not antagonistic to those of the unnamed class members; and (2) the plaintiffs' counsel must be fully competent to prosecute the action as a class

action. *Linquist v. Bowen,* 633 F.Supp. 846, 859 (W.D.Mo.1986), *aff'd,* 813 F.2d 884 (8th Cir.1987). Having reviewed the credentials of plaintiffs' counsel, the Court finds that they are competent to prosecute this suit as a class action.

In addition, the interests of plaintiff representatives are coextensive with class members. "Coextensiveness" refers to shared objectives and shared legal and factual positions. *In re Tetracycline Cases,* 107 F.R.D. 719, 730 (W.D.Mo.1985). In order for differences in views among the representatives and members to constitute a conflict sufficient to defeat class certification, there must appear a real probability of a conflict which goes to the very subject matter of the litigation. *Id.* Here, plaintiffs all claim that PCC is unconstitutionally overcrowded, and defendants' assertion regarding potential member disagreements over remedial measures will not defeat certification. *Hedge,* 689 F.Supp. at 890. Therefore, the adequacy of representation requirement is satisfied.

### E. 23(b)(2)

The final step in determining whether a class should be certified centers on Rule 23(b). The proposed class must fall into one of the categories laid out in the Rule. One such category includes:

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed.R.Civ.P. 23(b)(2). The Eighth Circuit has cautioned that because one purpose of Rule 23(b)(2) was to bring lawsuits vindicating civil rights, the rule " 'must be read liberally in the context of civil rights actions.' " *Coley,* 635 F.2d at 1378 (quoting *Ahrens v. Thomas,* 570 F.2d 286, 288 (8th Cir.1978)). Plaintiffs allege that defendants have created unconstitutional policies and conditions at PCC which affect all inmates, and so defendants have "acted or refused to act on grounds generally applicable to the class." Injunctive relief addressing overcrowding issues is appropriate with respect to the class as a whole. Therefore, the Court

finds that the proposed class in this case falls into the category described in Rule 23(b)(2).

Because plaintiffs have satisfied all the requirements in Rule 23, this Court will grant their motion for class certification.

### II. 1994 Crime Bill: Section 3626

■ The Court notes that defendants have raised an interesting argument against class certification. Defendants contend that a section of the recently enacted Violent Crime Control and Law Enforcement Act of 1994 precludes class-wide relief in prison overcrowding cases. Defendants cite 18 U.S.C. § 3626 which provides for "Appropriate Remedies for Prison Overcrowding." The statute, in relevant part, states:

> (a) Requirement of showing with respect to the plaintiff in particular.—
>
> > (1) Holding.—A Federal court shall not hold prison or jail crowding unconstitutional under the eighth amendment except to the extent that an individual plaintiff inmate proves that the crowding causes the infliction of cruel and unusual punishment of that inmate.
> >
> > (2) Relief.—The relief in a case described in paragraph (1) shall extend no further than necessary to remove the conditions that are causing the cruel and unusual punishment of the plaintiff inmate.
>
> (b) Inmate Population Ceilings.—
>
> > (1) Requirement of showing with respect to particular prisoners.—A Federal court shall not place a ceiling on the inmate population of any Federal, State, or local detention facility as an equitable remedial measure for conditions that violate the eighth amendment unless crowding is inflicting cruel and unusual punishment on particular identified prisoners.
> >
> > (2) Rule of construction.—Paragraph (1) shall not be construed to have any effect on Federal judicial power to issue equitable relief other than that described in paragraph (1), including the requirement of improved medical or health care and the imposition of civil contempt fines or damages, where such relief is appropriate.

118

18 U.S.C. § 3626 (1994). Defendants argue that the statute allows relief from overcrowding only to the extent of remedying cruel and unusual punishment for individual, identified plaintiffs. According to defendants, the statute requires that a court hear only individualized evidence and this mandate runs contrary to the class certification requirements of commonality and typicality. Defendants assert that the statute therefore bars class-wide relief in prison overcrowding cases.

The Court does not agree with defendants' interpretation. An interpretation of § 3626 must begin with its plain language. *Good Samaritan Hosp. v. Shalala,* — U.S. —, —, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993). The plain language of the statute does not purport to limit class actions by prison inmates or alter Rule 23 of the Federal Rules of Civil Procedure. Indeed, the statute does not appear to apply to class actions. The statute references only individual plaintiffs in § 3626(a)(1)–(2) and (b)(1), and § 3626(b)(2) states that the statute does not limit "Federal judicial power to issue equitable relief other than that described in paragraph (1)."

In addition, legislative history suggests that Congress did not intend § 3626 to apply to class actions. The Joint Explanatory Statement of Conference Committee of the House and Senate contains this statement regarding § 3626: "The Conferees note that this section has no effect on the certification or success of class action law suits." H.R.Conf.Rep. No. 103–711, 103rd Cong., 2d Sess. (1994). 1994 U.S.Code Cong. & Admin.News 1801, 1841. Therefore, the Court will not preclude plaintiffs from seeking class certification pursuant to 18 U.S.C. § 3626. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for class certification is granted.