**Thomas SAEY et al., Plaintiffs,**

v.

**COMPUSA, INC., Defendant.**

**No. 4:96CV365 CDP.**

United States District Court,
E.D. Missouri,
Eastern Division.

Aug. 14, 1997.

John G. Simon, Jeffrey J. Lowe, Gray and Ritter, St. Louis, MO, Todd N. Hendrickson, C. Christopher Lozano, Lozano and Hendrickson, St. Louis, MO, for plaintiffs.

Stephen R. Welby, Office of U.S. Atty., St. Louis, MO, Nicholas J. Lamb, Mike W. Bartolacci, Thompson Coburn, St. Louis, MO, Charles A. Newman, Bryan Cave L.L.P., St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

PERRY, District Judge.

This matter is before the Court on plaintiffs' amended motion to certify this litigation as a class action. On June 26, 1997, the Court held a class certification hearing on plaintiffs' motion. Because plaintiffs fail to satisfy Federal Rule of Civil Procedure 23(a)(1)'s requirement of numerosity, the Court will deny plaintiffs' amended motion to certify the class.

This case arises out of plaintiff Thomas Saey's January 17, 1996, purchase of a computer from defendant CompUSA's Maryland Heights, Missouri, retail store. After using the computer for less than a day, Saey discovered that the computer contained various pornographic images in the computer's hard-drive data storage device; Saey later discovered that these images were placed there by the computer's previous owner, although CompUSA had sold the computer to him as a new unit. Plaintiffs allege that defendant frequently allows customers to return computers after using them, and then repackages and resells those "used" computers as "new" without informing the second purchasers and without providing a discount.

### I. Proposed Class Definition

For purposes of class certification, plaintiffs are proceeding solely on their first amended complaint's allegation that defendant engaged in Merchandising Practices Act Violations (Count I). Plaintiffs, in their December 4, 1996, class definition, seek to define the putative class as consisting of:

all persons or entities who purchased computer hardware ... from defendant between February 9, 1990 and the present which had previously been purchased and returned to defendant and which defendant re-sold but not at a reduced price. Plaintiffs further propose to limit the certification to Count I, Missouri's Deceptive Trade Practices Act and all other states which have a Deceptive Trade Practices Act, that do not require proof of intent to deceive or reliance, that allow the recovery of damages, and do not prohibit class actions.

(Footnote omitted). Plaintiffs alternatively propose a class consisting of:

individuals who fit the above definition, and who purchased products from defendant's store in Maryland Heights, Missouri under the Missouri Merchandising Practices Act only.

### II. Class Action Standard

■ Federal Rule of Civil Procedure 23(a) allows one or more individuals to sue as representative parties on behalf of a class "only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a); *see also Alpern v. Utili-Corp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir.1996); *Morgan v. United Parcel Service of America, Inc.*, 169 F.R.D. 349, 354 (E.D.Mo.1996). In addition to satisfying the four prerequisites of numerosity, commonality, typicality, and adequacy of representation, the proposed class must fall within one of the subcategories of Rule 23(b). *Morgan*, 169 F.R.D. at 354. The Court has broad discretion in determining whether an action may be maintained as a class action. *Coley v. Clinton*, 635 F.2d 1364, 1378 (8th Cir.1980), *cited in Ad Hoc Committee v. City of St. Louis*, 143 F.R.D. 216, 219 (E.D.Mo.1992); *see also Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir.1997).

### III. Discussion

To determine whether plaintiffs meet Rule 23(a)(1)'s numerosity requirement, the Court

must consider the number of persons in a proposed class, the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factors relevant to the practicability of joinder. Fed.R.Civ.P. 23(a)(1); *see Paxton v. Union Nat'l Bank,* 688 F.2d 552, 559–60 (8th Cir.1982), *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983), *cited in Emanuel v. Marsh,* 828 F.2d 438, 444 (8th Cir.1987); *see also Morgan,* 169 F.R.D. at 355; *Ad Hoc Committee,* 143 F.R.D. at 220.

At the class action certification hearing, plaintiffs presented the testimony of three individuals other than Saey who purchased computers as new from defendant that they later came to believe were previously opened and/or used. Putative class member Trudy Sample purchased her computer from defendant's Maryland Heights store. When she attempted to register her computer with the manufacturer she learned that it had already been registered to a previous owner. In her case, although the sealed box containing the computer was "absolutely pristine" on the outside, it contained trash and only one manual and no packing list when she opened it. Sample subsequently returned the computer, received a full refund, and purchased a computer from a different store. Saey testified at the hearing that Sample is not a member of his class because customers who received a full refund from defendant were not included.

■ Gregg Schinzing likewise discovered that the Compaq computer he purchased from defendant for his business was registered to a previous owner when he discovered the prior owner's personal address book, among other items, on the computer's hard drive. Schinzing returned to defendant's store, received a credit, and did not return the computer. Because Schinzing purchased the computer for his business, he does not have standing to bring a claim under Missouri's Merchandise Practices Act, and so is not a member of the class. *See* Mo. Ann. Stat. § 407.025.1 (Vernon 1990).

David Varwig, who is also not a putative class member, purchased a computer from defendant that contained someone else's files. He returned his computer to defendant and was given a new one; Varwig testified that he was satisfied with this resolution of his situation. Varwig was unable to say that defendant's employees re-packaged the box containing the allegedly used computer.

Saey testified that he was unaware of putative class members other than those who testified at the hearing. Two potential class members who were identified during discovery testified by deposition. Jacklin Hanson purchased a computer which she was told had been a "floor model," although the box bore a yellow sticker indicating "Super Value" and "Customer Return." Larry Smith had two different computers delivered which did not work properly, but knew of no evidence that those computers had been used and resold as new. He received all of his money back.

■ Defendant provided evidence that its policy was to resell as new only computers that were returned in unopened packages, and that any computers returned in opened packages should be resold only after disclosing to the new purchaser that the computer had been returned after use, such as through the type of sticker that was on Ms. Hanson's box. It appears from the evidence in this case that this policy has not always been followed. It also appears that defendant, at least at its Maryland Heights store, for at least some of the time period at issue here, may have had the ability to "repackage" computers so that they appeared new or unopened. The evidence presented on this point, however, falls far short of what is needed to show numerosity for class certification purposes.

■ Plaintiffs argue that their ability to present evidence of additional class members was hampered by defendant's limitations on discovery. Significant evidence was presented at the hearing regarding defendant's inventory control methods. Defendant's evidence was that it does not have any method to track each individual computer sold to see if that computer had been previously sold and then returned, or to record when a returned computer had been opened and used before its return by the first customer.

The hearing testimony and other evidence before the Court establishes that, because of the cost accounting system defendant uses, defendant does not systematically track sales of individual computers or peripherals by serial number or any other unique identifying number. Instead, inventory is tracked by "stock keeping unit" ("SKU") numbers, with all units of a particular model of computer having the same SKU number. Although individual sales persons have the option of recording the serial number of a unit at the time of sale, the hearing testimony revealed that individual serial numbers are not recorded unless the sale also includes the sale of an extended service plan, or unless a customer requests a record of serial numbers.

Warrantech Direct, Inc., operates defendant's service plan sales department. Plaintiffs argue that, by using Warrantech Direct's sales database, they may be able to synthesize the sales data in a way that will allow the tracking of sold computer hardware. However, plaintiffs fail to explain to the Court how they would overcome the problem that defendant rarely tracks serial numbers on purchases and returns, thereby making it impossible to track a particular product where a serial number was not captured. Even in those cases where the serial numbers were tracked, a given computer could legitimately have been sold twice at the same undiscounted price if it was returned unopened, or could mistakenly appear to have been sold twice at the same price, either because a warranty was subsequently purchased, thereby causing the entire transaction to be documented for a second time, or because a customer decided to change his method of financing the purchase by, for example, voiding the purchase made on his Visa card, and instead having the purchase credited to a card issued by defendant.

■ The class action is an "exception to the usual rule that litigation is conducted by and on behalf of individual named parties only." *General Telephone Co. Southwest v. Falcon*, 457 U.S. 147, 155, 102 S.Ct. 2364, 2369, 72 L.Ed.2d 740 (1982) (quotations omitted), *quoted in In re American Medical Systems, Inc.*, 75 F.3d 1069, 1080 (6th Cir.1996).

Plaintiffs filed their first motion for class certification on January 15, 1996, and have had ample opportunity to present this Court with evidence that class certification is proper. While plaintiffs invite the Court to speculate that additional class members may be ascertainable at some time in the future, they have not presented sufficient evidence to warrant such speculation. In fact, it appears that even after the intensive discovery conducted in this case, Saey is the only arguable class member. The Court therefore concludes that, having considering all the relevant factors, plaintiffs have failed to satisfy Rule 23(a)(1)'s numerosity requirement. *See Morgan*, 169 F.R.D. at 355; *Rentschler v. Carnahan*, 160 F.R.D. 114, 116 (E.D.Mo. 1995); *see also Windham v. American Brands, Inc.*, 565 F.2d 59, 70 (4th Cir.1977) (en banc) (holding that, while the district court "should not decline to certify a class because it fears that insurmountable problems may later appear," if the court finds "that there are serious problems now appearing, it should not certify the class merely on the assurance of counsel that some solution will be found.") (citation omitted), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (1978), *quoted in Andrews v. AT & T*, 95 F.3d 1014, 1023 (11th Cir.1996).

Because numerosity is lacking, the Court need not consider the other Rule 23 factors, but the Court notes that the other factors are likely also not shown. If the Court certified plaintiffs' class, it would be required to conduct mini-trials for each putative class member to determine whether he or she falls within the class definition. As Saey conceded during the hearing, the Court in each instance would have to, at a minimum, determine (1) whether the computer in question was opened/used before it was returned by a previous owner, (2) whether defendant's employees (as opposed to an employee of the computer's manufacturer, for example) sealed the opened/used computer after it was returned, and (3) whether the customer was informed by defendant that the computer had been previously opened. *See Gorence v. Eagle Food Centers, Inc.*, 1994 WL 445149, at *9 (N.D.Ill. Aug. 16, 1994); *see also Arch v. American Tobacco Co., Inc.*, 1997 WL 312112, at *24 (E.D.Pa. Jun. 03, 1997)

("[W]hat plaintiffs fail to note is that there are also many individual issues involved here which may require ... individual mini-trials, even if the case was certified as class action. Thus, there may be no savings but rather a diminution of judicial resources, and thus a reduction in judicial efficiency."); *Kornberg v. Carnival Cruise Lines, Inc.*, 1985 WL 69, at *1 (S.D.Fla. Jun. 17, 1985) ("Since the proposed class action would deteriorate into a parade of mini-trials with multiple questions of law and fact, this Court finds that the commonality requirement has not been met.").

For the foregoing reasons, the Court finds that certification of plaintiffs' class is not appropriate; the Court therefore need not discuss the additional grounds defendant advances for denying plaintiffs' motion to certify the class.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' amended motion for class certification [# 56] is denied.

**IT IS FURTHER ORDERED** that plaintiffs' motion for an order that Counts I–IV of the amended complaint proceed as a class action [# 29] is denied as moot.

**IT IS FURTHER ORDERED** that a scheduling conference will be held in this case on Friday, *September 12, 1997*, at *11:30 a.m.* No later than Friday, *September 5, 1997*, the parties shall provide the Court with a Second Joint Proposed Scheduling Plan, setting forth a proposed schedule for the completion of trial preparation in this case. The plan should include all matters referred to in the Order Setting Rule 16 Conference issued on May 7, 1996.